OPINION OF THE COURT
George M. Heymann, J.
Petitioner commenced this holdover proceeding on the *252 ground that the lease for the subject premises, located at 1801 Weeks Avenue, apartment 2, Bronx, New York 10457, has not been renewed. The respondent occupied the premises as a tenant pursuant to a New York City Housing Authority (NYCHA) section 8 (42 USC § 1437Í) rental agreement which NYCHA has not renewed and for which the subsidies had been terminated for failure of the petitioner to maintain the premises in accordance with the section 8 program’s Housing Quality Standards (HQS).
NYCHA now moves this court for dismissal of the instant matter for the following reasons: (1) the proceeding is in violation of the second partial consent judgment in Williams v New York City Hous. Auth. (US Dist Ct, SD NY, 81 Civ 1801 [RJW] [1993]); (2) the Housing Court lacks subject matter jurisdiction to reverse the Housing Authority’s administrative determination to suspend payment of a section 8 rent subsidy; and (3) service of the notice to vacate was improper.
GENERAL INFORMATION REGARDING SECTION 8 PROGRAMS
The Department of Housing and Urban Development (HUD) finances the section 8 program on behalf of qualifying tenants pursuant to an annual contributions contract with the local Housing Authority (see, 42 USC § 1437f [b]). The Housing Authority (HA) then enters into a housing assistance payments (HAP) or housing assistance voucher (HVP) contract with a participating landlord whereby the Housing Authority pays, from funds allocated by HUD, the difference between the total rent for an apartment and the amount paid by the tenant.
HUD regulations (24 CFR 982.401 [Housing Quality Standards]) allow the Housing Authority to subsidize only decent, safe and sanitary apartments that meet HUD’s HQS. In addition to an initial inspection prior to commencing subsidy .payments (24 CFR 982.305 [HA approval to lease a unit]), the Housing Authority also conducts periodic inspections of participating landlords’ apartments to ensure that they continue to meet Federal Housing Quality Standards throughout the term of the lease. (24 CFR 982.405 [HA periodic inspections].)
Under the section 8 program, the landlord is responsible for performance of all ordinary and extraordinary maintenance on the apartment and maintaining the apartment in accordance with Housing Quality Standards. (24 CFR 982.452 [b] [2] [Owner responsibilities].) If an apartment fails to meet Federal *253 Housing Quality Standards the Housing Authority must suspend, reduce or terminate payments to the landlord. (24 CFR 982.404 [a] [2] [Maintenance: Owner and family responsibility; HA remedies].)
The procedures for the commencement of eviction proceedings under Williams (supra) are set forth in detail therein and failure to comply by a landlord results in dismissal of the summary proceeding. Paragraphs 3 and 4 of Williams (supra) pertain to “Good Cause for Eviction” and read as follows:
“3. Eviction proceedings brought against tenants in the Section 8 Existing Housing Certificate of Voucher program administered by the Authority must comply with 42 U.S.C. § 1437f, all applicable federal regulations, and the procedures and provisions herein.
“4. Good cause for eviction is a necessary element in all eviction proceedings, including proceedings brought after the Section 8 lease and Housing Assistance Payments (HAP) or Housing Voucher contract terminate [s] or expire [s], where the grounds for eviction arose while the lease and contract were in effect or where such grounds for eviction relate to the Section 8 tenancy.”
Paragraphs 6 et seq. of Williams (supra) set forth the notice and certification procedure that must be followed in order to maintain a summary eviction proceeding against a section 8 tenant. Based upon the definitions of “good cause” as stated above, if the grounds for a holdover proceeding do not arise out of termination or suspension of the section 8 subsidy or termination of the HAP contract then no certification is required. If, on the other hand, the grounds for a holdover proceeding do arise out of termination or suspension of the section 8 subsidy or termination of the HAP contract then certification is required.
FACTUAL BACKGROUND
Petitioner entered into a HVP contract with the Housing Authority for a period commencing on November 1, 1996 and terminating on October 31, 1998 for the family of the respondent at the premises known as 1801 Weeks Avenue, apartment 2, Bronx, New York 10457. The contract rent on the apartment is $1,010.10 per month. According to NYCHA, effective November 1, 1998, the subsidy portion of the rent was adjusted to $883 per month with the remaining balance of $127.10 as the respondent’s share of the monthly rent.
On March 4, 1997, an inspection was made of the subject premises. On March 5, 1997, a notice of deficiency was sent to *254 the petitioner from NYCHA advising petitioner that “[i]f the [above listed] items are not corrected, it is our intention to terminate the Section 8 Housing subsidy in its entirety, assist the family to find other housing, and cancel the contract for this apartment, with no further notice to you * * * Under no circumstances will the Authority’s share of rent, or any rent increase, be paid for any period of time during which the apartment did not totally meet Section 8 Housing Quality Standards.” Petitioner was further notified to contact NYCHA immediately upon completion of repairs so that a follow-up inspection could be made to verify same. On April 4, 1997, another inspection of the apartment was made. Thereafter, on or about April 9, 1997, petitioner was sent a second notice of deficiency advising petitioner that the section 8 subsidy was being terminated effective April 30, 1997. According to NYCHA, this subsidy remained suspended until April 1998.
Similarly, following an inspection on September 14, 1998, a notice of deficiency was sent to petitioner on September 16, 1998. Thereafter, on October 7, 1998, a second notice of deficiency was sent to petitioner stating that the section 8 subsidy was being terminated effective October 31, 1998.
On January 19, 1999, petitioner filled out the certification of basis for eviction proceeding against tenant participating in the section 8 existing housing program form which is referred to as exhibit A of the Williams consent decree. NYCHA refused to certify the basis for the holdover proceeding. On February 22, 1999, the petitioner served copies of the notice to vacate upon the respondent and NYCHA. A notice of petition and petition were served upon the respondent by conspicuous service on April 13, 1999 and copy of same was personally served upon NYCHA on April 16, 1999.
DISCUSSION / ANALYSIS
I
The crux of NYCHA’s motion for dismissal is the application of paragraph 4 of the Williams consent decree (supra) defining “good cause.” The key argument made by NYCHA is that the petitioner did not maintain the premises in a manner which met the section 8 HQS. As a result, the subsidies were suspended and eventually terminated. Thereafter, when the HYP contract and lease with the petitioner expired, NYCHA and the tenant did not renew the contract and the lease, respectively, based upon the failure of the petitioner to meet *255 the requisite HQS. NYCHA maintains that since the failure to renew the lease was due to the petitioner’s failure to correct hazardous conditions, its determination not to renew the section 8 contract is not good cause for the petitioner to maintain this proceeding. Following that line of reasoning to its conclusion, NYCHA can indefinitely refuse to renew its contract with the petitioner if the HQS are not satisfied; the respondent can continue to remain in the subject premises virtually rent free (being responsible for only the minimal portion of rent not covered by the section 8 subsidy); and the petitioner has no recourse to seek to recover its property where, as here, there no longer exists a landlord-tenant relationship.
The court finds this situation unconscionable and does not believe that this is what was intended by the Federal court in approving the Williams consent decree. While the court does not condone a landlord’s failure to repair hazardous conditions which make an apartment uninhabitable in accordance with prescribed housing standards, the ability of NYCHA to indefinitely suspend or terminate subsidies, which cannot be retroactively recouped, is clearly designed to cause economic hardship on the landlord until he or she brings the premises within compliance of the law. To further prevent a landlord from commencing a summary holdover proceeding subsequent to the termination of the lease, under these circumstances, would be punitive in nature.
Here, the lease between the petitioner and the respondent has expired. There no longer exists a landlord-tenant relationship. Pursuant to the provisions of the housing voucher contract (HVC), the petitioner owner leased an approved contract unit to the respondent family. The lease and the contract are two separate entities and “[t]he amount of the monthly rent payable by the Family to the Owner is determined by the provisions of the Lease between the Owner and the Family.” (HVC l.C.) The term of the contract runs concurrently with the term of the lease. (HVC 2.)
Paragraph 4.A of the HVC (Maintenance, Operation and Inspection) reads as follows: “The Owner agrees to maintain and operate the Contract unit and related facilities in accordance [with] the HUD Housing Quality Standards for the Housing Voucher Program, and agrees to provide all the services, maintenance and utilities as agreed to in the Lease. The Authority shall not make any housing assistance payment for the Contract unit if the unit does not meet the HUD Housing Quality Standards unless the Owner promptly corrects the *256 defect and the Authority verifies the correction. If the Authority notifies the Owner that the dwelling unit is not in Decent, Safe and Sanitary condition and the Owner fails to take correct tive action within the time prescribed in the notice, the Authority may exercise any of its rights or remedies under this Contract. These include, even if the Family continues in occupancy, termination or reduction of housing assistance payments and termination of this Contract. Any termination or reduction of housing assistance payments shall be effective as of the date and in the amount provided in a written notice from the Authority to the Owner.” '{Emphasis added.)
It appears from the above paragraph that termination of the subsidy does not require termination of the tenancy. Moreover, the issue of conditions in the subject premises, as in any holdover proceeding based on the grounds of failure to renew a lease, is not relevant to the adjudication of such a proceeding.
While this court cannot direct NYCHA to pay the retroactive portion of its subsidies, which NYCHA determined should be suspended or terminated, or for that matter any future subsidies if the petitioner continually fails to comply with the HQS, it does have the authority to award the petitioner, after trial, a final judgment of possession with a 10-day cure period, if the petitioner meets its burden of proof.
If NYCHA renews the HVP contract and continues to suspend payment of subsidies due to the petitioner’s ongoing failure to make appropriate repairs, it will be the petitioner who will suffer the financial losses of such a decision.
Paragraph 8 of the contract which sets forth the basis for termination of the tenancy parallels the language of 24 CFR 982.310 (Owner termination of tenancy) which states:
“(a) Grounds. During the term of the lease, the owner may not terminate the tenancy except on the following\grounds * * * \
“(3) Other good cause * * *
“(d) Other good cause.
“(1) ‘Other good cause’ for termination of tenancy by the. owner may include, but is not limited to, any of the following examples:
“(i) Failure by the family to accept the offer of a new lease or revision” (emphasis added).
If, during the term of the lease, it is deemed good cause for a landlord to commence a holdover proceeding based on the tenant’s failure to renew a lease, then, a fortiori, it should *257 certainly be deemed good cause to prosecute on such grounds where the lease has already expired and there is no longer a contractual landlord-tenant relationship in existence.
The position taken by NYCHA that the petitioner is alleging grounds for eviction that “arose while the lease and contract were in effect” cannot be sustained. (Motion to dismiss 10.) NYCHA’s attempt to revert back to the issue of conditions, under its interpretation of paragraph 4 of Williams (US Dist Ct, SD NY, 81 Civ 1801 [RJW] [1993], supra), unsupported by any decisional law, would prevent the petitioner from prosecuting this matter in perpetuity.
It is the opinion of the court that, under the facts of this case, it is not necessary to allege good cause; that the basis for this holdover did not arise while the lease was in effect since it is the expiration of the lease itself that gives rise to this proceeding; and, therefore, certification is not required.
II
The court finds no merit to NYCHA’s argument that the petitioner was seeking to obtain a judgment against the tenant for the subsidies that were suspended or terminated. NYCHA draws this conclusion from the certification form completed by the petitioner. Although the notice to vacate states that “rent moneys are due to the undersigned from both the tenant and the Authority as set forth in the annexed Notice [certification] which was sent to both the tenant and the Authority,” the certification only provides for information pertaining to the subsidy. The petitioner merely filled in the blanks on the form which was prepared by NYCHA. This form does not request any information about the tenant’s share of the rent and clearly states that “[t]he landlord will not seek recovery of this amount from the tenant.” The petitioner should not be penalized for providing only the information that was requested. Further, the notice to vacate does not state a monetary amount which would indicate that respondent is responsible for more than her share of the rent, nor does it state that the tenant is responsible for payment of any subsidy amount. Finally, the petition, itself, only requests use and occupancy which is commonplace and proper in a holdover proceeding. Whether or not the petitioner is entitled to same is, as always, an issue to be determined at trial. Petitioner’s completion of section II of the certification, pertaining to the subsidy portion of the rent, even if not entitled to it, should not vitiate the holdover proceeding.
*258 III
The court agrees with NYCHA that the Housing Court does not have the jurisdiction to review a determination of the Housing Authority to suspend or termínate a section 8 subsidy. (Fieldbridge Assocs. v Champion, NYLJ, Mar. 26, 1993, at 24, col 5 [App Term, 2d & 11th Jud Dists]; 1543-75 Nostrand Assocs. v Flowers, NYLJ, Apr. 21, 1994, at 26, col 2 [App Term, 2d & 11th Jud Dists]; Sobers v Baker, NYLJ, Apr. 15, 1998, at 27, col 3.) Therefore, the petitioner is precluded from seeking and/or collecting any subsidies that were suspended or terminated by NYCHA in accordance with the HVP contract, Federal regulations and the Williams consent decree.
IV
NYCHA’s claim that the service of the notice to vacate is defective in that the address on the affidavit of service provides that the Housing Authority was served at the subject premises is not sufficient to defeat this proceeding. As set forth in the affidavit of the process server, Stephen Weiss, annexed to the petitioner’s affirmation in opposition, in addition to serving the respondent tenant a copy of the notice to vacate, he mailed two copies of same to NYCHA by ordinary mail and certified mail to 250 Broadway, New York, New York 10007. A copy of the receipt for certified mail was attached to the affidavit. In addition, this address appears in the upper righthand corner of the notice to vacate and is cited as NYCHA’s principal office in the opening paragraph of the HV contract. Since the affidavit of service is amendable, the court finds that the mailing of the notice to vacate to NYCHA was not defective.
V
NYCHA’s final point for seeking dismissal of this proceeding is that the petitioner did not incorporate certain statements in the petition pursuant to Williams (supra) where certification is required. Since this court determined in section I (supra) that certification was not required in the instant proceeding, this branch of NYCHA’s motion is denied. In any event, the petition filed with the court has annexed thereto a copy of the certification sent to NYCHA and paragraph 4 of the petition states “[t]hat on January 19, 1999 NYCHA and the tenant were notified of the landlord’s proposed holdover proceeding and NYCHA has refused to certify to the basis for the eviction proceeding.”
*259 CONCLUSION
Accordingly, for the foregoing reasons, NYCHA’s motion to dismiss this proceeding is denied in its entirety.